[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has brought suit against the defendants Timothy Brignole and Kevin Bowen individually and d/b/a Brignole and Bowen, a law firm partnership, alleging Brignole induced the plaintiff to lend him or his law firm the sum of Twenty Thousand Dollars on August 11, 1989, which was to be repaid by February 14, 1990 with interest at 16 per cent per annum; that she loaned him the Twenty Thousand Dollars by a bank check made payable to "Brignole Escrow Account," and that the money has not been repaid. The defendant Bowen's answer admits the jurisdiction of the court over the defendants and that they are law firm partners, the receipt of the Twenty Thousand Dollars and their refusal to return it. He denies the remainder of the complaint. By way of special defense, this defendant claims that the plaintiff has failed to state a cause of action and the Statute of Frauds. The defendant Brignole has filed the same defenses with the same admissions and denials. CT Page 6624-Z
The facts are found as follows herein. The defendant Brignole operated a loan company, known as Silvermine, out of a basement office of the building occupied by the law firm, which loaned money with second mortgages as security. Bowen was not involved with that loan company. The plaintiff Haynie, when her husband Keven Daley told her that Brignole invested money, sent him the $20,000.00 after finding out by phone from Brignole who to make the check to and where to send it. She knew nothing of the details and terms under which the money was sent; however, she did understand that it was an investment to what she assumed was a fund. When she sent the money, she received no papers from Brignole. Subsequently, she phoned Brignole and received a group of documents, including a mortgage and note from one Edward Parker for $20,000.00 payable to Timothy Brignole, Trustee, and other documents which are used in making loans, all executed by Parker. She never spoke to Brignole about how the money was to be invested or used. She definitely knew that the money was to be used to provide a second mortgage to Parker and admits it in answer to an interrogatory filed with the court, a judicial admission. CT Page 6624-AA
Haynie is married to one Kevin Daley, a real estate broker who used Brignole as his attorney in a real estate deal located in Newington, in which he was a principal, and Edward Parker was the agent who arranged the deal and who, under the contract for the land sale, was entitled to a $50,000.00 commission. Haynie learned about Brignole and his loan company from her husband, he explained the arrangement to her. He was the one who gave her all her information, not Brignole. There is a strong inference that it was his money and that she was acting as a conduit; however, there is no such proof and there is no proof that either was acting as the agent for the other. The facts are that it was her money and that the money was sent as hereinbefore described.
The $20,000.00 was loaned to Parker, and secured by a second mortgage on his condominium to Brignole, trustee, for the note and mortgage, and the documents covering that loan were sent by Brignole to Haynie. The Newington land deal was not consumated and Parker never received a commission or repaid the second mortgage loan. The second mortgage was wiped out in a first mortgage foreclosure action as was the note in Parker's bankruptcy. CT Page 6624-BB Brignole would not have loaned Parker the $20,000.00 since he considered him a poor risk, and he only loaned him the money when Daley said he would provide and loan the funds and it was to go through the Brignole loan company.
Haynie sent Brignole the money in escrow with no arrangements whatsoever, except to send it to "Brignole escrow account" and to that address. She did know that Brignole loaned money at sixteen per cent and that the investment was for six months; however, she learned that from her husband Daley. In fact, when the loan was made to Parker, a check was issued to Kevin Daley for $1,800.00 which included interest and points for making the loan. Haynie was not included on that check and no issue was ever raised with respect thereto. The evidence indicates that Haynie sent the money to a Brignole escrow account which would indicate it was not a loan to him or his law partnership and she had no idea of the terms on which the money was sent except that it was at 16 per cent per annum and for six months, information she had from her husband.
Brignole received the money and, on Daley's behalf, loaned it to Parker with Brignole as trustee. Daley did not want his wife, CT Page 6624-CC the plaintiff, to know about the loan, and so, instead of taking it in his own name, he agreed that it should be made in the name of Brignole, Trustee. Haynie, as has been pointed out, knew nothing about the loan arrangement; however, she did understand that the $20,000.00 was an investment as distinguished from a loan.
A loan is made when the borrower receives money over which he exercises dominion and he expressly or impliedly promises to return it. 54 CJS 654. A loan is "Delivery by one party to and receipt by another party upon agreement express or implied to repay it with or without interest." Black's Law Dictionary, Fifth Edition, 844. An investment is defined as "An expenditure to acquire property or other assets in order to produce revenue; the asset so acquired. The placing of capital or laying out of money in a way intended to secure income or profit from its employment." Black's Law Dictionary, Fifth Edition, 741. An investment contract is defined as "A contract transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party." Securities and Exchange Commission v. Howly Co., 328 U.S. 293, 298. CT Page 6624-DD
The plaintiff sent the money without any understanding as to how it would be used by Brignole except that it was sent to a Brignole escrow account. Her understanding that it was at 16 per cent for a period of six months came from her husband not the defendant Brignole as hereinbefore stated. He took the money with instructions from Daley that it was to be a loan to Parker secured by a second mortgage in Brignole trustee's name since Daley did not want his name on the loan or mortgage, and Brignole so handled it with the understanding that Daley was making the loan. There was no meeting of the minds on what the transaction was between the plaintiff and the defendant Brignole. The plaintiff cashier's check was deposited to Brignole Bowen's escrow account because the Bowen and Brignole legal partnership was terminated as of July 30, 1989 and was in the process of being finalized, and Brignole had not opened a new escrow account in his own name and he used the old account still in existence as a convenient depository. The money was not advanced until August 14, when the law partnership had been terminated. The transaction which occurred was that Haynie's money was loaned to Parker with a second mortgage as security and Brignole CT Page 6624-EE as trustee for Kevin Daley, and that was accomplished through Brignole's law company and not the law partnership.
It follows, therefore, that Bowen, while a partner of Brignole in a law firm that was in the process of termination at the time of the loan, was not a partner of Brignole's loan company and in fact there not only is no evidence to so indicate but the testimony is to the opposite effect, and there is no liability on his part, personally or as a law partner, since no money was advanced to the law firm. There is no liability on the part of Brignole personally, as a law partner or as the proprietor of the loan company. He accepted and used the money advanced as trustee for Kevin Daley for a loan to Parker as Daley told him to do, money about which he had no agreement with the plaintiff as to how it would be used. The plaintiff has failed to establish by a preponderance of the evidence that she made a loan to the defendants.
Judgment may enter for all the defendants together with costs of the action.
Levine, Referee CT Page 6624-FF